UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 30 P 3:13

------------------------------------
IN THE MATTER OF THE
COMPLAINT OF MALCOLM H. WIENER       :   Docket No. 302 CV 2291(WWE)
and CAROLYN WIENER, AS OWNERS OF     :
ONE 2000, 18 FOOT SEA DO CHALLENGER  :
(H.I.N. CECL03498000),               :
FOR EXONERATION FROM OR              :   December 30, 2003
LIMITATION OF LIABILITY,             :
                                     :
         Plaintiffs/Petitioners.     :
------------------------------------

PLAINTIFFS/PETITIONERS MALCOLM H. WIENER AND CAROLYN WIENER'S
LOCAL CIVIL RULE, RULE 56(a)(1) STATEMENT OF UNDISPUTED FACTS

1. Plaintiffs/petitioners MALCOLM H. WIENER and CAROLYN WIENER ("Petitioners"), through their attorneys, LOVEJOY & ASSOCIATES, in support of their motion for summary judgment, hereby set forth their Rule 56.1 Statement of Material Facts as to which there is no genuine issue to be tried. Petitioners are the owners of a Sea Doo Challenger 2000 HIN CECL0349800 ("the vessel").

2. Thierry Raymond ("Raymond"), was an employee of the Petitioners, whose duties included operating the vessel at the request of Petitioners.

3. On September 9, 2001, Raymond possessed a valid State of Connecticut Safe Boating Certificate, which he had obtained by taking a mandatory State of Connecticut course, and allowed him to operate vessel such as the one he was operating on September 9, 2001.

4. On September 9, 2001, claimants, Nancy Garcia-Vidal and Ron Garcia-Vidal attended a company picnic at the at the Connecticut waterfront home of the Petitioners.

5. On the afternoon of September 9, 2001, Raymond took claimants and four other passengers aboard the vessel, for a total of seven persons including Raymond, for a short boat ride

in the waters of Greenwich, Connecticut.

6. Claimant, Nancy Garcia-Vidal sat in a seat located at the bow of the vessel.

7. The vessel was rated by the U.S. Coastguard for carrying a maximum capacity of eight (8) persons and has eight dedicated seats.

8. During the boat trip, claimant Nancy Garcia-Vidal fell from her seat onto the deck of the vessel sustaining injuries.

9. Petitioners were not aboard the vessel when claimant Nancy Garcia-Vidal fell and sustained her alleged injuries.

10. Petitioners did not witness the voyage in question or any other voyages which took place on September 9, 2001.

11. Thierry Raymond was in no respect negligent in the operation of the vessel on the voyage on which the incident occurred or on any other voyage taken on that day.

12. That assuming, *arguendo*, that Thierry Raymond was somehow negligent in the operation of the vessel on the voyage in question the petitioners Malcolm and Carolyn Wiener were without privity and knowledge of any such negligence.

Dated: Easton, Connecticut
December 30, 2003

LOVEJOY & ASSOCIATES
Attorneys for Plaintiffs/Petitioners
Malcolm H. Wiener and Carolyn Wiener

By: _____
Frederick A. Lovejoy (CT 03121)
276 Center Road
P.O. Box 56
Easton, Connecticut 06612
(203) 459-9941
(203) 459-9943 (telefax)

WienerRule56.doc

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed on December 30, 2003, postage prepaid, to:

Adam L. Schlesinger, Esq.
Julian & Schlesinger, P.C.
150 William Street, 19th Floor
New York, New York 10038

_____
Frederick A. Lovejoy

2