UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------
IN THE MATTER OF THE
COMPLAINT OF MALCOLM H. WIENER       : Docket No. 302 CV 2291(WWE)
and CAROLYN WIENER, AS OWNERS OF     :
ONE 2000, 18 FOOT SEA DO CHALLENGER  :
(H.I.N. CECL03498000),               :
FOR EXONERATION FROM OR              : December 30, 2003
LIMITATION OF LIABILITY,             :
                                     :
        Plaintiffs/Petitioners.      :
------------------------------------

STATEMENT OF FREDERICK A. LOVEJOY PURSUANT TO 28 U.S.C. § 1746
IN SUPPORT OF PLAINTIFFS/PETITIONERS' MOTION FOR SUMMARY JUDGMENT

FREDERICK LOVEJOY being duly sworn deposes and says:

1.   I am an attorney admitted to practice before this Court and I am a partner with the law firm of Lovejoy and Associates, attorneys for plaintiffs/petitioners, Malcolm and Carol Wiener ("Petitioners"). As such, I am fully familiar with the facts and circumstances herein.

2.   I make this affirmation in support of petitioners' Motion for Summary Judgment, pursuant to Federal Rules of Civil Procedure 56, for an Order dismissing claimants' claims and exonerating or limiting petitioners' liability.

3.   Petitioners are the owners of an eighteen foot Sea Doo Challenger 2000, HIN CECL0349800 ("the vessel").

4.   Thierry Raymond ("Raymond"), was a household employee of the Petitioners, whose duties included operating the vessel at the request of petitioners.

5.   On September 9, 2001, Raymond was operating the vessel while claimants, Nancy Garcia-Vidal and Ron Garcia-Vidal were passengers aboard the vessel along with four other guests, for a total of seven passengers including Raymond.

6. Claimant, Nancy Garcia-Vidal, chose to sit in a seat at the bow of the vessel.

7. In the afternoon of September 9, 2001, while Raymond was prudently operating the vessel, when claimant, Nancy Garcia-Vidal fell from her seat onto the deck of the vessel and sustained injuries.

8. The vessel has a U.S. Coastguard maximum capacity of eight (8) persons (**Exhibit "J"**).

9. The vessel has eight seats (**Exhibit "L"**).

10. Prior to the accident, Raymond had completed a required Connecticut Department of Environmental Protection boating course, passed the exam and obtained a valid State of Connecticut Certificate of Personal Water Craft Operation (" **Exhibit "C"**).

11. Prior to working for petitioners, Raymond had prior employment experience as an operator of motor boats.

12. Prior to the accident, in the summer of 2001, Raymond received numerous hours of training from the prior caretaker of the vessel on proper operation and maintenance of the vessel.

13. Petitioners were aware of Raymond's boating experience and training prior to the accident.

14. Prior to the accident, petitioners observed Raymond operate the vessel on numerous occasions.

15. Petitioners never observed or knew Raymond to be reckless, inattentive or incompetent. while operating the vessel.

16. Attached hereto as **Exhibit "C"** is a true and accurate copy of Raymond's State of Connecticut Certificate of Personal Water Craft Operation dated August 1, 2001 and referenced herein in the Memorandum of Law.

17. Attached hereto as **Exhibits "A" through "E"** are true and accurate copies of excerpts from the deposition testimony of Raymond taken on June 25, 2003 and referenced herein in the Memorandum of Law.

18. Attached hereto **as Exhibit "F" through "I"** are true and accurate copies of excerpts from the deposition testimony of Malcolm Weiner and Carolyn Weiner taken on June 24, 2003 and referenced herein in the Memorandum of Law.

19. Attached hereto as **Exhibit " K"** is a true and accurate copy of a photograph taken on the vessel of the U.S. Coast Guard capacity plate.

Dated: Easton, Connecticut
December 30, 2003

_____
FREDERICK A. LOVEJOY

WienerStatement.doc